■ JONATHAN A. WEINSTEIN et al., Respondents, v NATIONAL COMMITTEE FOR FURTHERANCE OF JEWISH EDUCATION et al., Appellants. — Order, Supreme Court, Queens County (Charles Cohen, J.), entered November 18, 1983, transferred to this court by order of the Appellate Division, Second Department, entered April 24, 1984, which denied defendants' motion to modify a prior order of the Supreme Court, entered August 3, 1983, which had extended defendants' time to serve a second amended answer and to complete discovery, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs or disbursements, the motion granted, the amended answer deemed served and the parties directed to complete discovery within 60 days after entry of the order on this appeal.

The action was brought to recover for legal services in connection with the preparation of certain tax shelter programs. The answer, served December 30, 1982, was amended once as of right. Subsequently, after depositions had been held, defendants moved for leave to amend the answer to interpose additional affirmative defenses and counterclaims with respect to alleged representations made by plaintiffs as to their expertise in regard

to tax shelters. The motion was granted on condition that this second amended pleading be served within 15 days from the date of the order. The amended answer was not served within the required time and the appellants sought an extension of time, contending that they did not learn that their motion for such leave had been granted until September 2, 1983, after the 15-day period had expired. In denying the motion, Special Term cited the absence of diligence on the part of counsel as insufficient basis to excuse law office failure.

However, under the circumstances, taking into account the liberality to be accorded the parties on motions for leave to serve an amended pleading (CPLR 3025, subd [b]), we are not persuaded that the circumstances here warranted the drastic result denying relief, particularly in view of the overriding policy favoring the disposition of actions on the merits. On this record, it is clear that there will be no prejudice to plaintiffs by permitting defendants to interpose the additional defenses and counterclaims which do have a direct bearing upon the merits of the action. Under the circumstances, we exercise our discretion and deem the second amended answer, which had already been included with the original moving papers, as having been served and direct the parties to diligently complete discovery. Concur — Sullivan, J. P., Ross, Carro, Bloom and Kassal, JJ.